**DASTI, MURPHY, McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS**
620 West Lacey Road
Post Office Box 1057
Forked River, New Jersey 08731
(609) 971-1010  FAX (609) 971-7093
Thomas E. Monahan, Esq., ID#009351976
Attorneys for **Defendant, Borough of Belmar**

### UNITED STATE DISTRICT COURT
### OF NEW JERSEY TRENTON

| | |
|---|---|
| GUSTAVO MARTINEZ, <br><br> Plaintiff, <br> vs. <br><br> CITY OF ASBURY PARK, MONMOUTH COUNTY, BOROUGH OF BELMAR, AMIR BERCOVICZ, DEWITT BACON, DANIEL SAVASTANO, WILLIAM WHITLEY, AND JOHN DOE OFFICERS 1-14, <br><br> Defendants. | CIVIL ACTION NO.: 3:20-cv-8710 <br><br><br> **ANSWER TO FIRST AMENDED COMPLAINT, SEPARATE DEFENSES AND CROSS-CLAIMS** |

Defendant, **Borough of Belmar**, by way of Answer to the Complaint, says:

### STATEMENT OF CASE

1.  The allegations of paragraphs 1 through 8 are denied.

### JURIDICTION AND VENUE

1.  The allegations of paragraphs 9 through 11 are denied.

### PARTIES

2.  The allegations of paragraph 12 are denied.

3.  The allegations of paragraphs 13 through 15 are admitted.

4.  The allegations of paragraphs 16 and 20 are denied.

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

## FACTUAL ALLEGATIONS

1.   The allegations in paragraphs 21 through 54 are denied.

## FIRST CAUSE OF ACTION

1.   This defendant does not provide an answer to the allegations of the First Count as they do not pertain to it.

**WHEREFORE,** Defendant, **BOROUGH OF BELMAR**, demands judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

## SECOND CAUSE OF ACTION

1.   Defendant repeats its answer to the prior allegations as if the same were more fully set forth at length herein.

2.   This defendant does not provide an answer to the allegations of the Second Count as they do not pertain to it.

**WHEREFORE,** Defendant, **BOROUGH OF BELMAR**, demands judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

## THIRD CAUSE OF ACTION

1.   Defendant repeats its answer to the prior allegations as if the same were more fully set forth at length herein.

2.   This defendant does not provide an answer to the allegations of the Third Count as they do not pertain to it.

**WHEREFORE,** Defendant, **BOROUGH OF BELMAR**, demands judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

## FOURTH CAUSE OF ACTION

1.   Defendant repeats its answer to the prior allegations as if the same were more fully set forth at length herein.

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

2.    This defendant does not provide an answer to the allegations of the Fourth Count as they do not pertain to it.

**WHEREFORE,** Defendant, **BOROUGH OF BELMAR,** demands judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

## FIFTH CAUSE OF ACTION

1.    Defendant repeats its answer to the prior allegations as if the same were more fully set forth at length herein.

2.    This defendant does not provide an answer to the allegations of the Fifth Count as they do not pertain to it.

**WHEREFORE,** Defendant, **BOROUGH OF BELMAR,** demands judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

## SIXTH CAUSE OF ACTION

1.    Defendant repeats its answer to the prior allegations as if the same were more fully set forth at length herein.

2.    The allegations of paragraphs 83 through 96 are denied.

**WHEREFORE,** Defendant, **BOROUGH OF BELMAR,** demands judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

## PRAYER FOR RELIEF

1.    Defendant repeats its answer to the prior allegations as if the same were more fully set forth at length herein.

2.    Denied.

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

## SEPARATE DEFENSES

1.   The Complaint fails to state a cause of action upon which relief can be granted.

2.   Defendants were not negligent.

3.   Injuries complained of are the result of plaintiff's own negligence.

4.   The accident and injuries alleged were caused or contributed to by the negligence of others over whom these Defendants have no control and for whom they had no legal liability.

5.   While denying any negligence for the accident and injuries alleged, should the negligence of Plaintiffs be found to be not greater than that of Defendants, these Defendants demand damages be diminished by this percentage of negligence attributable to Plaintiffs, pursuant to the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq.

6.   This suit is barred by the Statute of Limitations.

7.   The applicability of the provisions of N.J.S.A. 59:2-1 and N.J.S.A. 59:2-2, as to the immunities available to the public entity and/or public employee are asserted.

8.   The applicability of the provisions of N.J.S.A. 59:2-3 and N.J.S.A. 59:3-2, as to the absence of liability from the exercise of judgment or discretion are asserted.

9.   The applicability of the provisions of N.J.S.A. 59:2-4, N.J.S.A. 59:3-3 and N.J.S.A. 59:3-4, as to the non-liability for any injury caused by adopting or failing to adopt a law or by failing to enforce a law are asserted.

10.   The applicability of the provisions of N.J.S.A. 59:3-5 as to the non-liability of a public employee for an injury caused by its adoption or failure to adopt any law or by its failure to enforce any law are asserted.

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

11. The applicability of the provisions of <u>N.J.S.A.</u> 59:5-4 as to the failure to provide police protection service are asserted.

12. The applicability of the provisions of <u>N.J.S.A.</u> 59:8-3 through <u>N.J.S.A.</u> 59:8-7 regarding failure to provide adequate notice of claim are asserted.

13. The applicability of the provisions of <u>N.J.S.A.</u> 59:8-8 through <u>N.J.S.A.</u> 59:8-11 regarding failure to timely file notice of claim are asserted.

14. The applicability of the provisions of <u>N.J.S.A.</u> 59:9-1 through <u>N.J.S.A.</u> 59:9-7 concerning conditions of suit and judgment are asserted.

15. The accident and injuries alleged were caused or contributed to by the negligence of others over whom this defendant had no control and for whom he has no legal liability.

16. At all times mentioned in the Complaint any and all actions or omissions of the defendant relating in any way to plaintiff's alleged damages involved decisions of the defendants within an area of non-actionable governmental discretion.  By virtue of the said discretion, defendants are not liable to any party herein.

17. At all times defendants acted in good faith and accordingly are immune from any liability to the plaintiff.

18. These defendants did not act in any conspiracy against the plaintiff.

19. Plaintiff's civil rights were not violated.

20. These defendants acted in good faith and based on reasonable cause in arresting the plaintiff.

21. At all times pertinent to the allegations contained within the plaintiff's complaint, these defendants acted within the boundaries of their lawful authority.

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

22. These defendants, at no time pertinent to the allegations contained within plaintiff's complaint, acted intentionally, knowingly or maliciously in such a manner so as to cause the injuries alleged by the plaintiff.

23. At all times pertinent to the allegations contained within plaintiff's complaint, these defendants acted reasonably and properly in the execution of their duties.

24. The plaintiff is bound by representation of his attorney and the Court that probable cause for his arrest existed and, therefore, may not maintain this action.

25. These defendants are entitled to qualified immunity.

26. These defendants are entitled to absolute immunity.

27. These defendants were acting in accordance with clearly established standards and accordingly are not liable to the plaintiff.

28. Any force used by the defendants was reasonable and necessary and was in response to plaintiff's actions.

29. Any search of the plaintiff was incident to a lawful arrest and based upon probable cause.

30. Defendant's action was reasonable and necessary in order to protect themselves and/or other parties.

31. The municipal defendants and all defendants acting in their official capacity are immune from punitive damages under the Civil Rights Act, 42 *U.S.C.* § 1983 and the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et. seq.

32. The cause of action alleged by the plaintiff is not cognizable under the Civil Rights Act, 42 *U.S.C.* § 1983 and 1985.

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

33. The Doctrine of *Respondeat Superior* does not apply in civil actions brought under 42 *U.S.C.* § 1983.

34. The complaint is insufficient and violates the Local Civil Rules governing the District of New Jersey.

35. Plaintiff fails to state a *Monell* claim.

36. Defendants hereby reserve the right to interpose such other defenses and objections as continuing discovery may disclose.

## CROSS-CLAIM FOR CONTRIBUTION

Defendant, **BOROUGH OF BELMAR**, demands contribution from Co-Defendants, in accordance with the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1 et seq.

## CROSS-CLAIM FOR INDEMNIFICATION

While not admitting liability herein, if it is determined that Defendant, **BOROUGH OF BELMAR**, were guilty of negligence, such negligence was vicarious, passive and secondary and that it was the negligence of Co-Defendants, which was active, primary and the proximate cause of Plaintiff's damages; and Defendant herein demands indemnification against said Co-Defendants for the amount of any judgment as against Defendant herein and costs.

## CROSS-CLAIM FOR CONTRACTUAL INDEMNIFICATION

While denying any liability to Plaintiff for the accident and injuries alleged, should liability be adjudged, Defendant, **BOROUGH OF BELMAR**, seek indemnity, together with attorneys' fees and costs of suit, from Co-Defendants, for any and all sums which it might be held liable to Plaintiff by reason of the contract in existence between the parties at the time of the occurrence of the alleged incident.

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

## ANSWER TO CROSS-CLAIMS

Defendant, **BOROUGH OF BELMAR**, by way of Answer to any and all Cross-claims which have been or may be asserted against it, says:

1.    The allegations of any Cross-claim are denied and Cross-claimants are not entitled to the relief sought.

**WHEREFORE,** Defendant, **BOROUGH OF BELMAR**, demands judgment dismissing any Cross-claims, plus costs.

## COUNTERCLAIM FOR ATTORNEYS' FEES

1.    The allegations contained in the Plaintiff's complaint and any amended complaint are frivolous, groundless, and without merit as to the answering Defendant, **BOROUGH OF BELMAR.**

2.    42 U.S.C. § 1988 provides for the allowance of reasonable attorneys' fees to the prevailing party in an action or proceeding arising out of an alleged violation of § 1981, 1982, 1983, 1985, and 1986 of Title 42 of the United States Code.

**WHEREFORE,** Defendant, **BOROUGH OF BELMAR,** demands judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

The undersigned counsel hereby certifies that the within matter in controversy is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding and that, to the best of counsel's knowledge, there is no other party who should be joined in this action.

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

## DEMAND FOR JURY TRIAL

Demand is hereby made for a trial by jury as to all issues.

DASTI, MURPHY, McGUCKIN, et al.
Attorneys for **Defendant, Borough of Belmar**

By _____
**THOMAS E. MONAHAN**
For the Firm

Date:  September 28, 2020

TEM:aae
File #GL-29506

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731