# DASTI, MURPHY, McGUCKIN, ULAKY, KOUTSOURIS & CONNORS

Jerry J. Dasti †
Gregory P. McGuckin
Christopher K. Koutsouris ◊ ∆
Robert E. Ulaky ∞‡
Christopher J. Connors
Timothy J. McNichols ‡
Martin J. Buckley
Kelsey A. McGuckin-Anthony
Thomas E. Monahan π
Patrick F. Varga

πCertified Civil Trial Attorney
◊Certified Municipal Court Law Attorney
∞Member, National Academy of Elder Law Attorneys
†NJILGA Municipal Law Diplomate
ΩMember of NJ and FLA Bar
‡Member of NJ and PA Bar
∆Member of NJ and NY Bar

A Professional Corporation
Tax ID 22-3450668
www.dmmlawfirm.com

Reply to: Forked River Office
620 West Lacey Road
Forked River, NJ 08731
P 609-971-1010
F 609-971-7093
pvarga@dmmlawfirm.com

*Of Counsel*
Charles E. Schlager, Jr. ‡
George F. Murphy, Jr. π Ω
Elizabeth Mackolin Dasti ‡

**Forked River Office:**
West Lacey Road
Forked River, NJ 08731
P 609-971-1010
F 609-971-7093

**Toms River Office:**
506 Hooper Avenue
Toms River, NJ 08754
P 732-349-2446
F 732-349-1590

November 30, 2020

**Electronically submitted via pacer**
The Honorable Anne E. Thompson, U.S.D.J.
United States District Court
Clarkson S. Fisher Federal Bldg. & U.S. Courthouse
402 East State Street,
Trenton, NJ 08608

Re:   Martinez v. Asbury Park et al.
      Docket No. 3:20-cv-8710

Dear Judge Thompson,

As Your Honor is aware, this office represents the interests of the Defendant, Borough of Belmar ("the Borough) in regards to the above a captioned matter. Please accept this Letter Brief in further support of the Borough's previously filed Motion for Judgment on the Pleadings currently returnable December 6, 2020.

Plaintiff's opposition ignores the reality of the law and attempts to shove a circle into a square hole to survive the Borough's Rule 12(c) Motion. Accordingly, the intent of this memorandum is two-fold: (a) to address Plaintiff's distorted rendition of the facts in opposition to the Borough's motion, and (b) Plaintiff's misunderstanding of the legal principals governing his claim.

The Honorable Anne E. Thompson, U.S.D.J.
Martinez v. Asbury Park et al.
Docket No. 3:20-cv-8710
Page **2** of **6**

### A. Plaintiff's myopic view of the facts is neither supported by his pleadings or its accompanying documents.

First, Plaintiff generally contends that the Borough of Belmar failed to challenge Plaintiff's false arrest claim. (ECF Doc 42, Page 8 of 38 third paragraph). The only explanation for this generalized comment is the Plaintiff did not read the Borough's moving brief. Plaintiff contends he was falsely arrested in violation of his constitutional rights in violation of 42 U.S.C. § 1983, and to assert § 1983 liability against a municipality, the Plaintiff must establish what is commonly asserted as <u>Monell</u> liability, i.e. identify a pattern or practice, a custom or policy, of inadequate training, supervision or hiring which created an environment that encourage the alleged depriving conduct. Which the Borough had previously submitted, but to reiterate: here, on the face of the Plaintiff's pleadings he does not assert that the Borough arrested him, but it appears, despite never alleging a Borough Officer was present at his arrest, that he desires to spin the discovery wheel in a hope to uncover that a Borough police officer was a "John Doe" who participated in his arrest. However, discovery will not reveal this, it is axiomatic the Borough did not arrest the Plaintiff, nor did any Borough Officer observe the Plaintiff be arrested. Accordingly, such a vague and ironically inapplicable assertion should not permit the Plaintiff to open the door to the burdens associated with discovery against the Borough.

Second, with respect to Count 6, Plaintiff contends that the Borough failed to address the factors associated with inadequate training. Plaintiff parrots this failure and later quotes Attorney General Grewal's announcement, that he intended to "develop clear guidelines" and "implement[] additional training for police officers to handle demonstrations and protestors, including training on identifying and interacting with members of the news media at <u>such events</u>." (Emphasis added). Again, no amount of training in the world would change the fact that no Belmar Officer participated in the Plaintiff's arrest, or was present in view of it at the subject protest, the "event" Attorney General Grewal's announcement was referring to. Therefore, where is the nexus between the lack of training, or lack of supervision and the depriving conduct? The answer: there is none.

Case 3:20-cv-08710-AET-DEA   Document 47   Filed 11/30/20   Page 3 of 6 PageID: 546

The Honorable Anne E. Thompson, U.S.D.J.
Martinez v. Asbury Park et al.
Docket No. 3:20-cv-8710
Page **3** of **6**

Third, Plaintiff asserts that there is contradicting facts as to the presence of Borough Officers on the night of the arrest, however, there is none. (ECF Doc. 42 page 11 of 38 first full paragraph). There is no dispute, nor does Plaintiff contend, that he observed a Belmar Officer in close proximity to him when he was arrested, or that a Belmar Officer actually arrested him. Accordingly, while discovery may reveal the presence of Borough Officers at one point or another in Asbury assisting with crowd control, this fact, if proven, would be inconsequential to the matter at bar because the Borough's presence in Asbury played no role, loosely or not, in the alleged depriving conduct.

Fourth, Plaintiff misrepresents the factual findings of the Monmouth County Investigative Report attached to his Verified Complaint as Exhibit D. Specifically, Plaintiff states it "identified 14 law enforcement officers who were involved in or in the vicinity of the arrest," then conveniently superimposing his own selective application of this finding, to include "Monmouth County and Belmar Officers." (See Page 6 first full paragraph). However, per this report, the Borough's involvement in the Mr. Martinez's arrest was limited to the following:

> After his arrest, Martinez was turned over to other officers, was walked to the transport van and later processed at the Belmar Police Headquarters. Martinez had contact with three officers in the course of being transported to Belmar, but did not indicate to any of them he was a reporter. While being processed in Belmar, Martinez indicated he was a reporter only after an officer took possession of is property, saw his lanyard, and specifically asked Martinez if he worked for the APP. These officers, however, were unaware of the specific circumstances that led to his arrest. Martinez was issued a summons for failing to obey an order to disburse. [See **Exhibit D** of Plaintiff's verified Complaint, ECF Doc 16-4, page 7 of 20].

Accordingly, Plaintiff's Complaint and its accompany documents are devoid of an inference that an Officer employed by the Borough of Belmar participated in Mr. Martinez's arrest.

**B. The legal principles that govern Plaintiff's complaint against the Borough.**

Conveniently, Plaintiff concedes that he is not alleging a claim "premised on Belmar's customs and practices; [however] the claim is premised instead on Belmar's [] failure to train and supervise their employees." (ECF Doc. 42, Page 27 of 38, first full paragraph). Moreover, Plaintiff is not alleging supervisory liability against the Police Chief, as the department head, and key policy making individual. (ECF Doc 42, Page 27 of 38 second

Case 3:20-cv-08710-AET-DEA   Document 47   Filed 11/30/20   Page 4 of 6 PageID: 547

The Honorable Anne E. Thompson, U.S.D.J.
Martinez v. Asbury Park et al.
Docket No. 3:20-cv-8710
Page **4** of **6**

full paragraph). As a result, the face of Plaintiff's Amended Complaint and his clarifying opposition confirms he fails to assert a cognizable cause of action for the alleged failure to train or supervision claim against the Borough of Belmar.

An inadequacy in supervision/training claim against a municipality requires the Plaintiff demonstrating a failure or inadequacy amounting to deliberate indifference on the part of the municipality. Forrest v. Parry, 930 F.3d 93, 105 (3d Cir. 2019), cert. denied sub nom. City of Camden, New Jersey v. Forrest, 140 S. Ct. 902, (2020). This requires a plaintiff establish (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, (As an aside, Plaintiff does not plead that the Borough has a history of employees mishandling members of the press), and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights. id.

First, Plaintiff's reliance on Forest is disingenuous at best because although it is instructive with regards to determining § 1983 liability, it is impressively distinguishable from the facts at bar. Forest supra. Notably, Forest was a matter where the Plaintiff plead the police department had such an egregious history of no supervision, that the use of excessive force by an officer at any given point, was left entirely unchecked. Forrest, supra. As a result of this unchecked policy, with zero administrative oversite, the Plaintiff asserted the municipality is liable for acting with deliberate indifference in failing to supervise and ensure the police department underwent adequate training. Id. On the face of Plaintiff's Amended Complaint he does not allege such a policy of deliberate indifference or history of depriving conduct exists within the Borough.

Further, what Plaintiff conveniently ignores are the underlying principles that creates liability under either the inadequate supervision or training theories. First he fails to allege that the Borough violated the Plaintiff's rights within the meaning of §1983. Specifically, the Plaintiff does not allege a specific Borough officer arrested the Plaintiff, failed to intervene, directed others to arrest the plaintiff, or in any form approved of or consented to an officer arresting the plaintiff. See A.M. v. Luzerne Cty. Juv. Det. Ctr., 32 F.3d 572, 576 (3rd cir. 2004); Forest, supra. Moreover, such liability requires a pleading of proximate causation, thus a plaintiff must demonstrate a

The Honorable Anne E. Thompson, U.S.D.J.
Martinez v. Asbury Park et al.
Docket No. 3:20-cv-8710
Page **5** of 6

plausible nexus or affirmative link between the directions or lack of supervision/training, and the specific depravation of constitutional rights and issues. Santiago v. Warminster Township, 629 F.3d 121, 130 (3rd Cir. 2010); Forest supra. In other words, Plaintiff must plead that a Borough Officer violated the plaintiffs constitutional rights, was directed to violate the his constitutional rights by a superior, or that the lack of any supervision/training, amounting to a deliberate indifference, proximately caused the plaintiff's injury. Id; Forrest, supra. at 108. This can be demonstrated by showing that the supervisor gave directions, that the supervisor knew, or should reasonably have known that certain conduct, if left unchecked, would cause others to deprive the Plaintiff of [his/her] constitutional rights. id. Knowledge in a "failure to supervise must consist of either contemporaneous knowledge of the offending incident or knowledge of a pattern or similar incidences." C.H.Z.H. v. Olivia, 226 3d 198, 202 (3rd Cir. 2000). Accordingly, any claim that a supervisors directed, consented, or created an atmosphere encouraging others to violate constitutional rights includes, as an element, an actual violation at the hands of subordinates. Here, the Borough's lone involvement in this matter was holding the Plaintiff for Asbury Park, which required the Borough process him. That's it. Accordingly, Plaintiff fails to plead any nexus between the alleged deprivation, i.e. the false arrest, and any proposed lack of supervision or training.

Finally, even based off Plaintiff's unbelievably detailed complaint, it is apparent that he fails to plead that Borough officers confronted a particular situation that involved a difficult choice, because he does not allege they were present at the scene of his arrest and impeded his constitutional rights. He only hypothesizes same against the ever illusive "John Doe" defendants without any real factual basis. In fact, the only situation that the Plaintiff pleads with plausibility is that the Borough Police Department received him, and informed him when he asked why he was arrested, that he was being held for Asbury Park. Again, where is the nexus between the difficult choice, if made wrong, a Borough employee would cause the deprivation of a constitutional right, when the Plaintiff himself does not plead the Borough's involvement in same?

Before this Honorable Court is not a Complaint that is capable of surviving the Borough's Motion for Judgment on the Pleadings. Rather Plaintiff's Amended Complaint is an unguided fishing expedition to uncover

The Honorable Anne E. Thompson, U.S.D.J.
Martinez v. Asbury Park et al.
Docket No. 3:20-cv-8710
Page **6** of **6**

some lack of training or lack of supervision that exists within the Borough, while simultaneously failing to plead any cognizable nexus between the alleged inadequate supervision or lack of training, and how it proximately caused the depriving conduct. For that simple failure, Plaintiff fails to state a cognizable cause of action against the Borough of Belmar, and his Complaint must be dismissed with prejudice.

Accordingly, the Borough of Belmar respectfully requests that this Honorable Court enter an order dismissing Plaintiff's Complaint pursuant to Rule 12(c) with prejudice.

Respectfully submitted,

PATRICK F. VARGA
For the Firm