# DASTI, MURPHY, McGUCKIN, ULAKY, KOUTSOURIS & CONNORS

Jerry J. Dasti †
Gregory P. McGuckin
Christopher K. Koutsouris ◊ ∆
Robert E. Ulaky ∞‡
Christopher J. Connors
Timothy J. McNichols ‡
Martin J. Buckley
Kelsey A. McGuckin-Anthony
Thomas E. Monahan π
Patrick F. Varga

πCertified Civil Trial Attorney
◊Certified Municipal Court Law Attorney
∞Member, National Academy of Elder Law Attorneys
†NJILGA Municipal Law Diplomate
ΩMember of NJ and FLA Bar
‡Member of NJ and PA Bar
∆Member of NJ and NY Bar

A Professional Corporation
Tax ID 22-3450668
www.dmmlawfirm.com

Reply to: Forked River Office

620 West Lacey Road

Forked River, NJ 08731

P 609-971-1010

F 609-971-7093

pvarga@dmmlawfirm.com

*Of Counsel*
Charles E. Schlager, Jr. ‡
George F. Murphy, Jr. π Ω
Elizabeth Mackolin Dasti ‡

**Forked River Office:**
West Lacey Road
Forked River, NJ 08731
P 609-971-1010
F 609-971-7093

**Toms River Office:**
506 Hooper Avenue
Toms River, NJ 08754
P 732-349-2446
F 732-349-1590

January 21, 2021

<u>Via Pacer</u>
Honorable Anne E. Thompson U.S.D.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:   Martinez v. Asbury et al.
      Civil Action No. 3:20-8710
      **Borough of Belmar's Defense Chart**

Dear Judge Thompson,

Please be advised that this office represents the Borough of Belmar in regards to the above captioned matter. Consistent with your instructions at the January 15, 2021 status conference please find below a chart succinctly identifying the Borough's defense for this matter:

| Defendant represented | The Borough of Belmar ("the Borough"). |
|---|---|
| Issue presented | Under Rule 8(a) and its interpretive case law, it is submitted that Plaintiff has failed to plead sufficient facts and their nexus to the elements of inadequate supervision or training under 42 U.S.C. §1983. In other words, Plaintiff's Complaint fails to place the Borough on notice of what his claim against it is and what grounds that claim rests upon. |
| Legal principle submitted: | A threshold requirement to allege a municipality violated 42 U.S.C. §1983 mandates a Plaintiff plead one of the municipal defendant's employees violated a protected constitutional right, and thereafter assert the causative nexus between the infringing conduct and the lack of training and/or supervision. |

| Defense Presented | Plaintiff does not allege a Borough Officer arrested him. Plaintiff does not allege a Borough Officer failed to intervene. Plaintiff does not allege a Borough Officer prevented him as a member of the press from recording or documenting the Asbury Park Protest. Plaintiff only alleges that the Borough temporarily held the Plaintiff in its holding cells on Asbury Park's behalf. In short, by the time the Borough became involved, the Plaintiff's alleged deprivation had already occurred and came full circle. Put another way, Plaintiff fails to plead: (1) the depriving conduct performed by a Borough Employee and (2) the nexus between that depriving conduct and the lack of training and/or supervision. |

Thank you for your kind attention to this matter.

Respectfully submitted,

/s/ *Patrick F. Varga*

PATRICK F. VARGA